Steininger & Company v. Donalson.

The facts in evidence made a case for determination by the jury, and the court erred in directing a verdict for the claimant.

April 23, 1894. Argued at the last term.          Judgment reversed.

Levy and claim.    Before Judge Bower.    Decatur superior court.    May term, 1893.

An execution against J. B. Donalson, from a judgment of July 8, 1889, was levied on lot of land 232 and the west half of lot 210 in Decatur county. A claim was interposed by an unmarried daughter of J. B. Donalson, to two acres of the southwest corner of lot 210. The court directed a verdict in her favor. She and her father were living on the property levied on, at the date of the levy. She introduced three deeds: (1) from J. B. Donalson to J. E. Donalson, dated March 25, 1889, consideration $661.53, conveying the land levied on; (2) from J. E. Donalson to Fain (a son-in-law of J. B. Donalson), dated December 2, 1889, consideration $346.33, conveying lot 232; (3) from J. E. Donalson to claimant, dated December 3, 1889, consideration $157.67, conveying the west half of lot 210. It appeared that at the time of his conveyance to J. E. Donalson, J. B. Donalson was insolvent. He owed J. E. Donalson $661, owed a bank $541 secured by a mort-

gage on the land, owed Fain some amount secured by mortgage, and owed Loeb over $300, and several other debts. Fain furnished $1,550 with which J. E. Donalson paid off the mortgages and the debt to himself, paid J. B. Donalson one or two hundred dollars, and made the deed to claimant, which was a deed of gift. The moving · consideration to J. E. Donalson in taking the deed was to collect his debt. What he did with the balance of the money after paying the debts mentioned was done of his own motion, and not at the instance or direction of Fain nor of J. B. Donalson. There was no arrangement or understanding that J. B. Donalson was to have any benefit reserved to him. There was no intention to hinder or delay creditors, etc. It appeared that plaintiffs' suit was filed prior to the deed to J. E. Donalson; and that in the fall of 1889 J. B. Donalson built a dwelling-house on the land claimed, and paid for the material used therein; and there was testimony somewhat conflicting, as to the character and purpose of the transactions mentioned, some of it tending to support the plaintiffs' theory

G. F. WESTMORELAND and D. A. RUSSELL, for plaintiffs.
DONALSON & HAWES, for claimant.